BEFORE THE THIRD DIVISION, JUNE 9, 1945

**No. 50243.**—Protest 43000–K of Columbia Co. (San Francisco).

Opinion by CLINE, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in Abstract 42516. In accordance therewith the claim at 20 percent under paragraph 1558 was sustained.

**No. 50244.**—Protest 96543–K of T. D. Downing Co. (Boston).

Opinion by CLINE, J. An examination of exhibit 1 showed it to be a root which had been cut into small pieces. Plaintiff's witness testified that the orrisroot must be powdered in order to bring out the flavor and make it fit for use. He further testified that the shipment in question was imported for use in the manufacture of gin but that subsequently he had a few bags powdered and sold them to an affiliate of the Colgate-Palmolive-Peet Co. While the witness admitted that he was not an expert on the subject of orrisroot, having obtained his knowledge by inquiries and from books, there was no contradictory testimony in the record. Government counsel argued that the testimony did not show that further processing was necessary when the orrisroot was to be used in the manufacture of gin, but the witness did not limit his statement that powdering was necessary to any particular usage of the merchandise. It has been held that the testimony of a witness who had obtained his knowledge from observation and from reading was sufficient to make out a *prima facie* case (*United States* v. *Samuel Shapiro & Co.*, 18 C. C. P. A. 165, T. D. 44374). The court held that the testimony in the instant case was sufficient to make out a *prima facie* case that orrisroot must be powdered in order to be fit for use and that, therefore, it is a crude substance. (*United States* v. *Danker & Marston*, 2 Ct. Cust. Appls. 522, T. D. 32251, and *Togasaki & Co.* v. *United States*, 12 id. 463, T. D. 40667, cited.) The claim that the merchandise is entitled to free entry as a crude vegetable substance under paragraph 1722 was therefore sustained.